UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BOULDING,

    Plaintiff,                                No. 13-14325

v.                                         District Judge Robert H. Cleland
                                             Magistrate Judge R. Steven Whalen

MICHIGAN DEPARTMENT OF
CORRECTIONS, ET AL.,

    Defendants.

                                    /

**REPORT AND RECOMMENDATION**

On October 11, 2013, Plaintiff Timothy Boulding, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Before the Court is a Motion to Dismiss or in the Alternative Motion for Summary Judgment [Doc. #25], filed by Defendants Corizon Health, Inc. ("Corizon"), Dr. Steven Bergman, and Dr. Bhamini Sudhir.[1] The motion has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Motion to Dismiss be construed as an unenumerated Fed.R.Civ.P. 12 motion, that the motion be GRANTED, and that the complaint be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

**I.    FACTS**

Plaintiff alleges that on August 7, 2013, he broke two bones in his right leg when

---

[1] All other Defendants have been dismissed.

he fell out of his wheelchair. He states that when he was taken to the prison health unit, Dr. Sudhir ordered x-rays of his right foot, but declined Plaintiff's request for an x-ray of his right knee, even though Plaintiff told her there was a "problem" with the right knee. The x-ray technician at Duane Waters Hospital refused to x-ray Plaintiff's right knee because the order from Dr. Sudhir was restricted to the right foot. Plaintiff alleges that subsequent x-rays taken a week later revealed that he had a broken leg. Although he saw an orthopedic specialist on September 25, 2013, he had not received any treatment as of October 10, 2013. He filed the present complaint on October 11, 2013.

The Defendants seek dismissal because Plaintiff did not exhaust his administrative remedies before filing suit, as required by 42 U.S.C. § 1997e(a). Plaintiff's MDOC grievance records are appended to Defendants' brief [Doc. #25] as Exhibit B. The records reveal two grievances relating to Plaintiff's August 7, 2013 leg injury: Grievance No. JCF-13-09-1530-12z2 (Exhibit B, pp 14-17), and No. JCF-13-09-1546-12d3 (Exhibit B, pp 18-21). Dr. Bergman is not named in either grievance.

In Grievance No. JCF-13-09-1530-12z2, Plaintiff indeed complained about the treatment rendered by Dr. Sudhir. His Step I and Step II appeals were denied, and he filed a Step III appeal on October 21, 2013, after the present complaint was filed.

In Grievance No. JCF-13-09-1546-12d3, Plaintiff named both Dr. Sudhir and Corizon. His Step I and Step II appeals were denied, and he filed a Step III appeal on October 23, 2013, after the present complaint was filed.

In his response to this motion [Doc. #29], Plaintiff concedes that he did not exhaust the grievance process before filing his complaint in this Court, but contends that he filed suit prematurely because of "exigent circumstances." He states that he feared he would lose his leg if he waited for decision on a Step III appeal, and therefore sought

more immediate relief in this Court by requesting injunctive relief in his complaint. He further states that his leg was surgically repaired on November 25, 2013.

## II.   STANDARD OF REVIEW

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825, 149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385.   Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints."  *Jones v. Bock, supra*, 549 U.S. at 921, 127 S.Ct. at 216. Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id*.; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008).  *Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

Under the PLRA, a dismissal for failure to exhaust nonjudicial remedies is without

prejudice. *Boyd v. Corrections Corp. of America,* 380 F.3d 989, 994 (6th Cir.2006) (citing *Knuckles El v. Toombs,* 215 F.3d 640 (6th Cir.2000)); *McCloy v. Correctional Medical Services*, 794 F.Supp.2d 743, 751 (E.D.Mich. 2011). As I noted in *Twohig v. Riley*, 2013 WL 3773365, *3-4 (E.D. Mich. 2013), there has been a divergence of views concerning whether a motion to dismiss under 42 U.S.C. § 1997e(a) is properly characterized as a summary judgment motion, a Rule 12(b)(6) motion, or an unenumerated Rule 12(b) motion. In *Twohig*, I chose the latter as "the more sound approach, particularly given the uncertainty as to whether a dismissal based purely on exhaustion constitutes a "strike" under the PLRA...." *See also McCormick v. Corizon Health, Inc.*, 2014 WL 897371, *2 -3 (E.D.Mich. 2014). I shall proceed likewise in the present case.

### III. DISCUSSION

The Plaintiff concedes that he did not complete the administrative grievance process before filing suit.[2] The PLRA does not contain an exception to the exhaustion requirement for "exigent circumstances," be they medical exigencies or otherwise. In *Cochran v. Caruso*, 2008 WL 397597, *5 (W.D.Mich. 2008), the plaintiff claimed that "[d]ue to the severity of [his] medical condition, and urgent need for swift medical intervention," going through the entire MDOC grievance process would "quite possibly cause [him] a death sentence." Declining to read an "exigent circumstances" exception into the statute, the Court held:

> "The statutory exhaustion requirement does not provide an exception for medical claims or exigent circumstances. *See Arbuckle v. Bouchard,* No. 03-1975, 92 F. App'x 289, 291 (6th Cir.2004) (The PLRA does not excuse exhaustion for prisoners who are under imminent danger of serious physical injury); *McAlphin v. Toney,* 375 F.3d 753, 755 (8th Cir.2004) (claim falling within the imminent danger exception to 28 U.S.C. § 1915(g) must

---

[2] The MDOC's three-step grievance policy, familiar to this Court, is appended to Defendants' brief as Exhibit A, MDOC Policy Directive 3.02.130.

-4-

nonetheless meet the mandatory exhaustion requirements of 42 U.S.C. § 1997e(a)); *Jones v. Michigan Dep't of Corr.,* No. 1:05-cv-772, 2005 WL 3556077, at *2 (W.D.Mich. Dec.29, 2005) (same); *Collins-Bey v. Broadbent,* No. 01-C-0080-C, 2001 WL 34382018, at *3 (W.D.Wis. May 23, 2001) ('The federal rules do not provide an 'emergency health clause' exception to the exhaustion requirement.'); *see also Booth v. Churner,* 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2000) (courts are not to read futility or other exceptions into the § 1997e(a) exhaustion requirement); *Castano v. Nebraska Dep't of Corrections,* 201 F.3d 1023, 1025 (8th Cir.2000) ('[W]e are not free to engraft upon [§ 1997e(a) ] an exception that Congress did not place there.') Consequently, Plaintiff has failed to rebut the evidence presented by Defendants demonstrating that he failed to properly exhaust his administrative remedies." *Id*.

Exhaustion is mandatory in all cases involving conditions of confinement, and a prison inmate may not complete the grievance process after filing suit. In *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999), the Sixth Circuit held as follows:

"The plain language of the statute makes exhaustion a precondition to filing an action in federal court ('No action shall be brought ... until such administrative remedies as are available are exhausted.'). *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833, 119 S.Ct. 88, 142 L.Ed.2d 69 (1998). The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit. *Larkins v. Wilkinson*, 1998 WL 898870 at *2 (6th Cir. Dec. 17, 1998) (unpublished). In *Larkins*, we dismissed the plaintiff's complaint where his 'attempt to exhaust his available administrative remedies only after filing suit in federal court ignores the clear mandate of § 1997e(a) which requires exhaustion ... *prior* to filing suit in federal court.' (Emphasis added.) *See also Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 533 (7th Cir.1999) (case remanded with instruction to dismiss for failure to exhaust administrative remedies)."

Moreover, Plaintiff did not name Dr. Bergman in either of the grievances. This constitutes a second deficiency, in that the MDOC's grievance procedure requires that the individual against whom the grievance is filed be named. *See* MDOC Policy Directive 3.02.130(R).

Because Plaintiff failed to exhaust his administrative remedies prior to filing suit,

these Defendants must be dismissed without prejudice.[3]

## IV.   CONCLUSION

Accordingly, I recommend that Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment[Doc. #25] be construed as an unenumerated Rule 12(b) motion to dismiss, that it be GRANTED, and that the Complaint be DISMISSED WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in

---

[3] If the purpose of exhaustion is to provide prison authorities with the opportunity to remedy an inmate's grievance, it appears that the process worked in this case, in that while the Step III appeal was pending, Plaintiff received the medical treatment he sought.

the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

                                                s/R. Steven Whalen
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE

Dated: January 6, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on January 6, 2015, electronically and/or by U.S. mail.

                                                s/Carolyn M. Ciesla
                                                Case Manager