**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TIMOTHY BOULDING,

    Plaintiff,

v.                                    Case No. 13-14325

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,**
**ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,**
**AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

On January 6, 2015, Magistrate Judge R. Steven Whalen issued a Report and Recommendation ("R&R") (Dkt. # 34) in the above-captioned matter, recommending that the court grant Defendants' Motion to Dismiss (Dkt. # 25). On February 3, 2014, Plaintiff filed objections to the R&R. For the reasons stated below and in the well-reasoned R&R, the court will overrule Plaintiff's objections, adopt the R&R in full, and grant Defendants' Motion to Dismiss.

**I. STANDARD**

The filing of timely objections requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This de novo review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be

accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949–50. "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (footnote omitted). Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II. DISCUSSION

The court has read the R&R and finds that it is correct. Specifically, the court has reviewed the summary of facts underlying the magistrate judge's report, and finds them supported by the pleadings. The court further has reviewed the conclusions of law recommended by the Report, and finds them each to be correct. The court addresses each of Plaintiff's objections in turn.

### A. Objections # 1 & 4

Objections 1 and 4 are not objections to the R&R, per se, but rather objections to the fact that the case was referred to the Magistrate Judge. In Objection #1, Plaintiff

objects that the Magistrate Judge improperly considered the Motion for Summary Judgment, citing 28 U.S.C. § 636(b)(1)(A),(C). The court's Order of Reference (Dkt. # 9) "referred [the case] to U.S. Magistrate Judge R. Steven Whalen for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." Thus, contrary to Plaintiff's assertion, the Magistrate Judge issued an R&R in compliance with the Order of Reference. In Objection 4, Plaintiff also raises a "concern" with 28 U.S.C. § 636 (c)(1), seeking clarification. Because the matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), rather than § 636 (c)(1), Plaintiff's first and fourth objections are overruled.

### B. Objection # 2

Plaintiff next objects that the Magistrate Judge erred in standing that the grievance process worked to resolve the matter. Plaintiff instead claims that it was the threat of legal action that led to prompted Defendants to give him the treatment he needed. This remark, noted in a footnote of the R&R, *see* Dkt. # 34, Pg. ID 445 n. 3, was not relevant to the finding that Plaintiff's claim was not exhausted. It was an observation about the ultimate efficacy of the grievance process, rather than a finding of causation. As such, it is not the proper basis of an objection, and the second objection is overruled.

### C. Objection # 3

Plaintiff's third objection revolves around his failure to name Dr. Bergman in his grievance. According to Plaintiff, Dr. Bergman was unknown to him at the time the

grievances were written. Nevertheless, Plaintiff did not attempt to file a grievance against Dr. Bergman after learning of his identity. Furthermore, the existing grievances were not completed at the time this action was filed, which was the basis of the R&R's finding of failure to exhaust. Dr. Bergman's omission from the grievances does not impact that analysis. Plaintiff's third objection is overruled.

### D. Objection # 5

Plaintiff's fifth objection concerns the Magistrate Judge's denial (Dkt. # 37) of his Motion to Compel (Dkt. # 32). However, that motion was not the subject of the R&R and has no place in the objections to the R&R. Therefore Plaintiff's fifth objection is overruled.

### E. Objection # 6

Plaintiff's sixth objection takes issue with the Magistrate Judge's observation, supported by caselaw, that the PLRA's exhaustion requirement is not subject to an exigent circumstances exception. Plaintiff's argument to the contrary, supported only by a third party beneficiary contract theory is unavailing. This theory, which was not raised in his opposition to Defendants' motion to dismiss, does not undermine the Magistrate Judge's accurate conclusion that allegedly exigent circumstances do not excuse Plaintiff's failure to exhaust. Plaintiff's sixth objection is overruled.

### F. Objection # 7

Plaintiff's seventh objections explains that he "is not abrogating any claims set before the court" and takes exception to "any attempt to deny or forfeiture of rights and protections guaranteed by law. This is not an objection to the substance of the R&R and is overruled.

4

### III. CONCLUSION

For the reasons discussed above, IT IS ORDERED that Plaintiff's objections (Dkt. # 38) are OVERRULED, and the Magistrate Judge's Report and Recommendation (Dkt. # 34) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (Dkt. # 25) is GRANTED and the complaint is DISMISSED WITHOUT PREJUDICE.  A separate judgment will issue.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 24, 2015


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 24, 2015, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522