UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BOULDING,

    Plaintiff,

v.                                        Case No. 13-14325

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.
                                                     /

**OPINION AND ORDER GRANTING REQUEST TO EXTEND TIME AND DENYING OBJECTION**

On January 6, 2015, Magistrate Judge R. Steven Whalen issued a Report and Recommendation ("R&R") (Dkt. # 34) in the above-captioned matter, recommending that the court grant Defendants' Motion to Dismiss (Dkt. # 25). On February 3, 2014, Plaintiff filed objections to the R&R. (Dkt. # 38.) On March 24, 2015, the court overruled the objections and adopted the R&R in full. (Dkt. # 41.) Now pending before the court is an "Objection" to that ruling, filed by Plaintiff on July 2, 2015.[1] (Dkt. #44.) The court will construe the Objection as a Motion for Reconsideration and deny it.

The Eastern District of Michigan Local Rule 7.1(h)(3) sets forth the standard for a motion for reconsideration. Rule 7.1(h)(3) states that:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on

---

[1] Plaintiff previously filed a Request to Extend Time to File Objection on April 14, 2015. (Dkt. #43.) The court will grant that request.

the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D Mich. LR 7.1(h)(3).  A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citiation omitted).  A motion for reconsideration is improper when it is simply a restatement of arguments rejected in the court's original decision.

Plaintiff's filing fails to address a palpable defect in the court's ruling.  First, Plaintiff cites non-binding Michigan case law that is inapplicable to instant action. Second, Plaintiff rehashes his third-party beneficiary theory that was rejected in the R&R and the court's ruling adopting the R&R.  There was no error in either.

Accordingly, IT IS ORDERED that Plaintiff's Request to Extend Time (Dkt. # 43) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Objection, construed as a Motion for Reconsideration (Dkt. # 44) is DENIED.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  August 21, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 21, 2015, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522